IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLIFFORD WRIGHT III,<br><br>        Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS; STATE OF NEBRASKA; SGT. E. MURPHY, #6301; MATTHEW MYERS, C/O II, #8098; and DONOVAN JOHNSON, C/O I, #9188,<br><br>        Defendants. | 8:20CV407<br><br>**MEMORANDUM AND ORDER** |

The court has granted Plaintiff permission to proceed in forma pauperis (Filing 11). The court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff, a pretrial detainee, sues the Douglas County Department of Corrections, the State of Nebraska, and three correctional officers in their individual capacities for money damages stemming from the officers' alleged September 10, 2020, attack on Plaintiff. Plaintiff claims he was "attacked from behind . . . [and] placed in a choke hold position and slammed on my face." (Filing 1 at CM/ECF p. 4.) He alleges that Defendant Myers struck him multiple times in the head region; staff then entered the room to restrain Plaintiff; and Defendant Johnson punched and applied pressure to Plaintiff's legs, pushing them towards his spine. (*Id.* at p. 5.) When Plaintiff stated, "I can't breathe," Defendant Murphy punched him in the head "at full speed," telling Plaintiff to "shut the fuck bitch, I don't give a fuck about none

of that." (*Id.*) Plaintiff was then placed in wrist and ankle restraints and placed on administrative-confinement status.

As a result of this altercation, Plaintiff suffered a black eye and swelling on the left side of his forehead between his temple and eyebrow, for which medical staff gave him Tylenol and ibuprofen.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

### A.  Douglas County Department of Corrections

Defendant Douglas County Department of Corrections must be dismissed from this action without prejudice because it is not a distinct legal entity subject to suit. *De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff's department not legal entities subject to suit) (collecting cases); *Mixon v. Omaha Police Dep't Officers*, No. 8:17CV325, 2019 WL 2143882, at *2 (D. Neb. May 16, 2019) (Douglas County Department of Corrections not distinct legal entity subject to suit) (collecting cases).

### B.  State of Nebraska

Plaintiff requests $150 billion in damages from the Defendants, including the State of Nebraska. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and state employees sued in their official capacities. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Egerdahl*, 72 F.3d at 619; *Dover Elevator Co.*, 64 F.3d at 446-47; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). There is no evidence of such a waiver or override of immunity here.

Thus, Plaintiff's claims against the State of Nebraska will be dismissed with prejudice. *See Tex. Cmty. Bank, N.A. v. Mo. Dep't of Soc. Servs., Div. of Med. Servs.*, 232 F.3d 942, 943 (8th Cir. 2000) (where Eleventh Amendment barred suit, state agency was entitled to dismissal with prejudice); *Warren v. Fort Dodge Corr. Facility*, 372 F. App'x 685 (8th Cir. 2010) (modifying dismissal to be with prejudice).

### C. Excessive Force Claim Against Correctional Officers

Plaintiff claims that Defendants violated his right to be free from cruel and unusual punishment while being held as a pretrial detainee with the Douglas County Department of Corrections. (Filing 1 at CM/ECF p. 3.) The Eighth Amendment "has no application" until there has been a "formal adjudication of guilt." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). But the Fourteenth Amendment gives state pretrial detainees rights which are "*at least as great* as the Eighth Amendment protections available to a convicted prisoner." *Id.* (emphasis in original; quoting *City of Revere*, 463 U.S. at 244); *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014) ("Therefore, if the use of force in this case would have violated the Eighth Amendment had the plaintiffs been prisoners, that conduct necessarily violated the plaintiffs' rights under the Fourteenth Amendment."). The Constitution affords greater protection to a pretrial detainee compared to a convicted inmate in the sense that "[d]ue process requires that a pretrial detainee not be punished." *Walton*, 752 F.3d at 1117 (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).

The elements of an excessive-force claim for pretrial detainees, as applied to the facts alleged here, are (1) the defendants struck, hit, or kicked the plaintiff; (2) the force used was excessive because it was not reasonably necessary to restore order or maintain discipline; and (3) as a direct result, the plaintiff was injured. *Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit*, Inst. No. 4.41 (2020).

Excessive-force claims of pretrial detainees are analyzed under an objective-reasonableness standard—that is, were the defendants' actions objectively reasonable under the circumstances? *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). A court must assess the actions of each officer "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). A court must also account for the "legitimate interests that stem from

4

[the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Kingsley*, 576 U.S. at 397 (quoting *Bell*, 441 U.S. at 520). Factors relevant to assessing the objective reasonableness of force used by officers include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Ryan*, 850 F.3d at 427 (quoting *Kingsley*, 135 S. Ct. at 2473).

Liberally construed, Plaintiff's Complaint alleges sufficient facts to state an excessive-force claim. Accordingly, this matter will be allowed to proceed to service of process against the Defendant correctional officers.

IT IS ORDERED:

1. Defendant Douglas County Department of Corrections is dismissed without prejudice because it is not a distinct legal entity subject to suit.

2. Plaintiff's claim against Defendant State of Nebraska for money damages is dismissed with prejudice as barred by the Eleventh Amendment.

3. Plaintiff's excessive-force claim against Defendants Sgt. E. Murphy, Matthew Myers, and Donovan Johnson in their individual capacities shall proceed to service of process.

5

4. For service of process on Defendants Sgt. E. Murphy, Matthew Myers, and Donovan Johnson[1], in their individual capacities, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendants using the address "Douglas County Department of Corrections, 710 South 17th Street, Omaha, NE 68102" and forward them together with a copy of the Complaint (Filing 1) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendants Sgt. E. Murphy, Matthew Myers, and Donovan Johnson, personally in their individual capacities, at the Douglas County Department of Corrections, 710 South 17th Street, Omaha, NE 68102**. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.[2]

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

---

[1] Defendant E. Murphy is alleged to be a shift supervisor with shield number 6301. Defendant Matthew Myers is alleged to be a corrections officer II with shield number 8098. Defendant Donovan Johnson is alleged to be a corrections officer I with shield number 9188.

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

DATED this 5th day of March, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge